## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| ELENA R. ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:15-01561 |
| ) | |
| ALBERT J. PAINE, JR., ) | |
| ) | |
| Defendant. ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's Application to Proceed *in Forma Pauperis*, filed on February 6, 2015. (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined the Complaint, the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[1]

### FACTUAL BACKGROUND

On February 6, 2015, Plaintiff, acting *pro se*, filed her Complaint naming Dr. Albert J. Paine, Jr., as the Defendant. (Document No. 1.) In her Complaint, Plaintiff alleges that she visited Dr. Paine's office in June, 2012, regarding a consultation for the removal of an acne scar located below

---

[1] Because Plaintiff is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

her lip. (Id., p. 4.) Plaintiff asserts that Dr. Paine recommended "CO2 laser skin resurfacing" for her entire face. (Id.) Plaintiff states that she agreed to the procedure based on Dr. Paine's assurance that the treatment would rid her of the scar and rejuvenate her facial skin. (Id.) Plaintiff states that she paid the requested advance payment of $2,850.00 (the cost of the procedure). (Id.) Plaintiff further states that "as required by Dr. Paine, I purchased a cream product for $300.00 for daily use to prepare for the procedure." (Id.) Plaintiff explains that her procedure was initially scheduled for September 8, 2012, but the procedure had to be rescheduled to November 8, 2012, because of a skin irritation developed from the use of the recommended cream. (Id.) Although Plaintiff's procedure was performed on November 8, 2012, Plaintiff claims that she suffered significant pain and the procedure did not produce the promised results. (Id.) Plaintiff states that during a post treatment appointment on December 18, 2012, Dr. Paine discussed the failure of the procedure. (Id., p. 5.) Plaintiff contends that Dr. Paine advised her "not to worry" that he would repeat the procedure in 18 months for a reduced cost. (Id.) Plaintiff claims that Dr. Paine provided her with a repeat procedure slip exhibiting a discounted cost of $1,200.00. (Id.) Plaintiff alleges that "after 18 months, [Dr. Paine] suggested that I "go to another doctor." (Id.) Plaintiff contends that she is entitled to reimbursement for the full amount of the procedure and cream due to "the failure of the treatment procedure to provide aesthetic results based on our agreement." (Id.) Plaintiff states that on January 12, 2015, she sent a letter to Dr. Paine requesting reimbursement, but Dr. Paine has not responded to her request. (Id.) As relief, Plaintiff appears to be requesting damages in the amount of the cost of the procedure ($2,850.00) and the cost of the facial cream ($300.00). (Id.) As Exhibit, Plaintiff attaches the following: (1) A copy of her payment slip to Mountain State ENT for $2,850.00 (Id., p. 8.); and (2) A copy of Plaintiff's letter addressed to Dr. Paine dated January 12, 2015 (Id., pp. 9 - 12.)

## **THE STANDARD**

Because Plaintiff has applied to proceed without prepayment of the Court's filing fees and costs, the documents comprising her Complaint are subject to pre-service screening pursuant to 28 U.S.C. § 1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708 at *2 (D.Md.), aff'd, Randolph v. New Technology, ___ Fed. Appx. ___, 2014 WL 7192290 (4th Cir. (Md.) Dec. 18, 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. *See* Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978)(A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965)(*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45 - 46 (1957). Where

a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## DISCUSSION

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. §1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. §1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. §1332(a)(1).[2]

---

[2] Title 28, U.S.C. §1332 specifically provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

    (1) citizens of different states;

    (2) citizens of a State and citizens or subjects of a foreign state . . .;

    (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

    (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

In the instant matter, Plaintiff does not allege the basis for the District Court's jurisdiction. Rule 8(a) of the Federal Rules of Civil Procedures provides that a Plaintiff must plead "a short and plain statement of the grounds for the court's jurisdiction." Fed.R.Civ. P. 8(a)(1); also see <u>Dracos v. Hellenic Lines, Ltd.</u>, 762 F.2d 348, 350 (4th Cir. 1985)("plaintiffs must affirmatively plead the jurisdiction of the federal court"), citing <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Construing Plaintiff's Complaint liberally, the undersigned will consider whether Plaintiff is alleging Section 1331 or 1332 as a basis for the Court's jurisdiction. First, the undersigned finds that Plaintiff's Complaint does not involve any question of "federal law" as to invoke jurisdiction under Section 1331. Plaintiff does not allege a violation of a federal statute or constitutional provisions. Plaintiff appears to be alleging that she did not receive promised results due to Defendant's medical negligence.[3] Next, the Court finds that the District Court does not have diversity jurisdiction pursuant to Section 1332. Section 1332 requires that the amount in controversy exceed $75,000. Plaintiff appears to request monetary damages totaling $3,250.00. Furthermore, it does not appear that Plaintiff and Defendant are "citizens of different states."[4] Based on the foregoing, the undersigned finds that this Court lacks subject matter jurisdiction, and Plaintiff's Complaint should be dismissed.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (Document No. 1.), **DISMISS** Plaintiff's Complaint

---

[3] To the extent Plaintiff may be alleging that Defendant was negligent in providing medical treatment, Plaintiff must comply with West Virginia Medical Professional Liability Act (W.Va. Code § 55-7B-6) prior to filing suit.

[4] It appears that Plaintiff and Defendant are both citizens of West Virginia.

(Document No. 2.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: February 10, 2015.

R. Clarke VanDervort
United States Magistrate Judge